FILED'10 DEC 17 12:58 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WEBFORMIX, INC.,     10-6229-TC

        Plaintiff,

    v.     ORDER AND
        FINDINGS AND RECOMMENDATION

AIRSPAN NETWORKS INC.,

        Defendant.

---

COFFIN, Magistrate Judge:

    Plaintiff Webformix brings this action seeking damages for breach of contract and misrepresentation/fraud. Weformix is located in Bend, Oregon. Airspan is incorporated in Washington state and has its principal place of business in Florida. Webformix's owner, Eric Ozrelic (Ozrelic) initially contacted Airspan by telephone about some equipment in which he was interested. Airspan referred Ozrelic to a third-party distributor in California. The third-party distributor was unable to answer Ozrelic's technical questions regarding Airspan's equipment, and referred Ozrelic back to Airspan; specifically to Regional Sales Director Greg Tome and Products

Page 1 - ORDER AND FINDINGS AND RECOMMENDATION

Applications Manager Richard Tier. Ozrelic testified that he exchanged e-mails and telephone calls with each of Airspan employee over the course of four or five days. Ozrelic testified that he initiated the telephone and e-mail contacts. The Airspan employees encouraged Ozrelic to purchase Airspan's products and referred Ozrelic to marketing materials for Airspan posted on the internet. Ozrelic ultimately purchased Airspan's equipment from the third-party distributor. Ozrelic testified that he received the equipment from "Airspan distributors," which were located in California, Kansas and possibly Florida. Ozrelic asserts that these third-party distributors are Airspan's agents; however, there is no evidence in the record of any relationship between the distributors and Airspan. No written contract exists between Ozrelic and the distributors. After being unable to use Airspan's equipment, Webformix commenced this action.

Airspan filed a motion to dismiss for lack of personal jurisdiction and venue (dkt. #4) on August 6, 2010. I held a motion hearing on November 4, 2010. Eric Ozrelic was sworn and testified on behalf of Webformix. I requested that the parties file supplemental briefing to address arguments raised at the motion hearing. Both parties have filed supplemental briefing. Airspan, however, moves to strike Webformix's supplemental briefing on various grounds, including that Webformix failed to sign the supplemental filing and supporting declaration in violation fo the Local Rules.

For the following reasons, I grant Airspan's motion to strike in part and recommend that the court grant Airspan's motion to dismiss.

## Legal Standards

The Local Rules require that electronically filed documents include the typed name of the Registered User who filed the document preceded by an "s/" followed by the typed name. LR 11-1(b). Likewise, electronically filed documents containing the signature of a non-registered user must

be "electronically signed" using an "s/" followed by the typed name. LR 11-1(c). The Federal Rules of Civil Procedure similarly require documents filed in civil cases to be signed. Fed. R. Civ. P. 11.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has personal jurisdiction. Alexander v. Circus Circus Enters., Inc., 939 F.2d 847, 849 (9th Cir. 1991) (superseded on other grounds by Alexander v. Circus Circus Enters., Inc., 972 F.2d 261 (9th Cir. 1992). Plaintiff must prove the necessary jurisdictional facts: that defendant had sufficient contacts with the forum such that the exercise of personal jurisdiction is consistent with due process. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). Generally, the court may consider declarations submitted by the parties when deciding a motion to dismiss for lack of personal jurisdiction. Data Disc. Inc. v. Systems Tech. Ass'n., Inc., 557 F.2d 1280, 1289 (9th Cir. 1977); see also, Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002) (noting that a court may consider certain documents outside the complaint without converting a motion to dismiss into a motion for summary judgment).

## Analysis

First, I consider Airspan's motion to strike. The last line of Webformix's supplemental response is: "Respectfully submitted: 3 December 2010. Michael Henderson, P.C." (dkt. 19). While this "signature" fails to include the "s/" Local Rule 11 requires to represent a signature, I find that, in this particular instance, it is in the interest of justice to allow Mr. Henderson's signature without the use of the "/s." LR 1-4. More problematic, however, is Ozrelic's declaration. (dkt. 20). The declaration contains a signature line for Ozrelic's signature, but is completely devoid of anything–even typing without the "/s," which resembles a signature. Accordingly, I strike Ozrelic's Declaration in Support of Plaintiff's Response (dkt. 20) and attached exhibits for failure to comply

with Local Rule 11 and Fed. R. Civ. P. 11. Obviously, this affects the portions of Webformix's response which rely on Ozrelic's declaration and the attached exhibits. (dkt. 19). Accordingly, I did not consider these portions of the response in my personal jurisdiction analysis. I note, however, that even if I had, it would not change my recommendation to grant Airspan's motion to dismiss.

The power of this court to exercise personal jurisdiction over Airspan turns upon two considerations: whether the applicable state statute confers personal jurisdiction over Airspan; and whether the assertion of that jurisdiction meets federal due process concerns. Data Disc, Inc., 557 F.2d at 1286. Here, Oregon's long arm statute is applicable. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 559 (9th Cir. 1995). Oregon's statute allows courts to exercise personal jurisdiction to the outer constitutional limits. ORCP 4 L. Federal courts may conduct the jurisdictional analysis under the state statute and the due process principles as one analysis. Pacific Atl. Trading Co. Inc. v. M/V Main Express, 758 F.2d 1325, 1327 (9th Cir. 1985).

Webformix argues that Airspan is subject to personal jurisdiction under ORCP 4 A(4), D(2), E(5). Webformix also alleges that Airspan had sufficient contacts with the State of Oregon such that this court's assertion of personal jurisdiction would not offend due process under ORCP 4 L, which permits the exercise of jurisdiction to the maximum extent allowed by federal due process. For the purposes of due process, there are two types of personal jurisdiction, general and specific. Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir.1986). General personal jurisdiction exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state and enables a court to hear cases unrelated to the defendant's forum activities. Id. Specific jurisdiction exists when a defendant has purposefully availed itself of the privilege of conducting activities in the forum, thus invoking the benefits and protections of the

forum state's laws. Id. The plaintiff's claim must arise out of the defendant's forum-related activities and the exercise of personal jurisdiction must be reasonable. Id. A defendant purposefully avails itself of the benefits of a forum if it "deliberately" has engaged in significant activities within a state or has created "continuing obligations between [itself] and the residents of the forum." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

The record shows that Webformix owner Orzelic initiated the contact between Webformix and Airspan and that Airspan referred Orzelic to a third-party distributor. When the distributor was unable to answer technical questions, Orzelic initiated other conversations via e-mail and telephone over the course of four or five days with two Airspan employees, who referred Orzelic to "multiple marketing materials via the internet." Such contacts are not enough to establish jurisdiction under ORCP 4 A(4), which is Oregon's statute's general jurisdiction provision, or general jurisdiction under 4 L.

Webformix cannot establish that Airspan had "substantial" or "continuous and systematic" contacts with Oregon. Helicoptors Nacionales de Columbia v. Hall, 466 U.S. 408, 414 (1984). Even a referral to multiple marketing materials via the internet is not enough to confer general jurisdiction, because Webformix cannot show that the internet materials were was systematically and continuously aimed at Oregon residents. Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-20 (9th Cir. 1997) (stating that maintaining a website accessible to anyone over the Internet is not enough to establish jurisdiction); see also, Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa 1997) (stating that an active website is one through which its owner clearly solicits business, such as entering into contracts or receiving payments over the internet). Likewise, Webformix cannot establish personal jurisdiction under ORCP 4 D(2) and E (5), the specific

Page 5 - ORDER AND FINDINGS AND RECOMMENDATION

jurisdiction provisions of ORCP 4, or under 4 L's provision for specific jurisdiction as permitted by due process. Because Webformix alleges only economic loss in its complaint, it cannot establish that the court has jurisdiction under ORCP 4 D(2). Portland Trailer & Equip., Inc. v. A-1 Freeman Moving & Storage, 166 Or.App. 651, 654 (2000) (noting that the rule providing for jurisdiction over a party "[i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant" does not apply to economic loss). Because Webformix does not allege it purchased equipment from Airspan, it cannot establish personal jurisdiction under ORCP 4 E(5), which requires that a defendant send things of value to Oregon. ORCP 4 E(5). Webformix cannot establish sufficient grounds for specific jurisdiction under 4 L because it cannot show that Airspan purposefully availed itself of the privilege of conducting business in Oregon.

As noted above, the record does not establish that Airspan targeted Oregon consumers with any type of advertising or initiated any business contacts. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Instead, the record establishes that Webformix initiated approximately five contacts (the initial contact where Airspan referred Webformix to the distributor and the four contacts about technical questions) with Airspan over a span of several days. Ozrelic confirmed this level of contact during his testimony at the motion hearing. Further, Webformix ultimately purchased the Airspan equipment from a third party. Despite its assertions that the third-party seller was an agent of Airspan, Webformix has not produced any evidence—beyond counsel's assertions, than an agency relationship existed. Moreover, even if it had, it is doubtful that this would confer jurisdiction as it is well settled that one party's contact with a forum cannot be attributed to another party in a jurisdictional analysis. Burger King Corp., 471 U.S. at 475. In short, Airspan's activities did not

Page 6 - ORDER AND FINDINGS AND RECOMMENDATION

create a continuing obligation between itself and Oregon residents, nor did the approximately five contacts over several days constitute significant activities. Burger King Corp., 471 U.S. at 475-76.

Because Airspan did not purposefully avail itself of the privilege of conducting activities within Oregon, the exercise of jurisdiction in an Oregon court would not be reasonable.

## Conclusion

For the reasons stated above, I order that Eric Ozrelic's Declaration in Support of Plaintiff's Response to Defendant's Supplemental Briefing Re Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (dkt. 20) and attached exhibits be stricken from the record.

For the reasons stated above, I recommend that this court grant Airspan's motion to dismiss for lack of personal jurisdiction. (dkt. #4).

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 17 day of December 2010.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - ORDER AND FINDINGS AND RECOMMENDATION